ROBERTSON, STATE REVENUE AGENT *v.* THOMAS.

[79 South. 289, Division B.]

1. DRAINS. *Drainage district. Actions. Corporation. Part of the county.*

   A drainage district constitutes a separate entity, a corporation with power to sue and be sued, to plead and be impleaded, etc. It is not a part of the county within the meaning of section 310 of the Code of 1906 (Hemingway's Code, section 3683), providing that suit may be brought in the name of the county where only a part of the county or its inhabitants are concerned and where there is a public right of such part to be vindicated.

2. DRAINS. *Revenue agent. Right to sue for drainage districts. "Municipality."*

   Code 1906, sections 4738-4739 (Hemingway's Code, sections 7056-7057), empowering the state revenue agent to sue for any indebtedness owing to the state or any county, municipality, or levee board, does not authorize him to bring a suit on behalf of a drainage district; such district being, under Code 1906, section 1707, (Hemingway's Code, section 4295), a corporation with power to sue and be sued, and the term "municipality" as used in said section referring to municipal corporations proper, which under section 3299, Code 1906, are divided into three classes:  cities, towns, and villages.

APPEAL from the chancery court of Lee county.

HON. A. J. MCINTYRE, Chancellor.

Suit by J. M. Thomas against Strokes V. Robertson, State Revenue Agent.   From a jugdment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Thos H. Johnston,* for appellant.

*W. D. & J. R. Anderson* and *Robins & Thomas,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal by the state revenue agent, from the judgment of the chancery court of Lee county, and involves the question of the power of the state revenue agent to bring suits on behalf of drainage districts created under chapter 39 of the Code of 1906. Thomas was treasurer of said district, which had been created in conformity to the Code sections, and certain assessments had been collected by the tax collector, who had deposited the funds so collected in a bank, not having placed them in a depository. The state revenue agent checked up the tax collector's books, found the money had not been paid over to the treasurer of the drainage district or placed in a depository, and made demand upon the tax collector for the funds so deposited in the bank. The tax collector gave a check for the said amount, and this suit was filed in the chancery court to restrain and prevent the revenue agent's collecting the check and retaining his twenty per cent. of the said funds. On the hearing the chancellor held that the revenue agent had no power to bring the suit, and granted the relief prayed in the bill, from which decree this appeal is prosecuted.

The powers and duties of the revenue agent are set forth in section 4738 and section 4739, Code of 1906 (section 7056 and section 7057), which reads as follows:

"The state revenue agent may appoint a sufficient number of deputies. He shall have power and it shall be his duty to proceed to suit in the proper court against all officers, county contractors, persons, corporations, companies, and associations of persons for all past due and

unpaid taxes of any kind whatever, for all penalties or
forfeitures for all past due obligations and indebtness of
any character whatever owing to the state or any county,
municipality or levee board, and for damages growing
out of the violation of any contract with the state or any
county, municipality, or levee board, and shall have a
right of action and may sue at law or in equity in all
such cases where the state or any county, municipality
or levee board has the right of action or may sue.
And in all cases of valuation or ownership of property
which has escaped taxation, may have subpœnaed wit-
nesses to testify before the board of supervisors, board
of mayor and aldermen or levee board.

"4739.  Duties.—It is the duty of the state revenue
agent to investigate the books, accounts, and vouchers
of all fiscal officers of the state, and of every county,
municipality and levee board, and to sue for, collect and
pay over all money improperly withheld from either,
and he has the power to sue and right of action against
all such officers and their sureties to collect any such
moneys; but if the delinquency appear by a correct open
account on the books of the proper accounting officer,
the right of the revenue agent to sue shall arise only
after he has given thirty days' notice to the delinquent
officer to pay over the amounts and he fails to do so.
And the right of the revenue agent to sue shall ter-
minate after the lapse of four years from the expiration
of the term of any officer.  And if he shall examine the
books, accounts and vouchers of any fiscal officer of the
state, county, municipality or levee board and find them
correct, he shall give a certificate to that effect, one
to such officer, and file one with the auditor of the state,
or board of supervisors of the proper county or with
the mayor and aldermen of the proper municipality or
with the proper levee board."

It will be observed from these sections that the rev-
enue agent has power to bring suits "for all past due

and unpaid taxes of any kind whatever, for all penalties or forfeiture for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board, . . . and shall have the right of action and may sue at law or in equity in all such cases where the state or any county or municipality or levee board has the right of action or may sue.'' Does the drainage district in this case come within the class for whom the revenue agent may bring suit? Under section 1707 of the Code of 1906 (section 4295, Hemingway's Code), it is provided that:

''Upon the organization of the said drainage district, it shall in its corporate name, by its commissioners, henceforth have power to contract and be contracted with, to sue and be sued, to plead and be impleaded, and to do and perform, in the name of such district all such acts and things for the accomplishment of the purposes for which it was organized.''

The drainage district constitutes a separate entity, a corporation with powers to sue and be sued, to plead and be impleaded, etc., It is not a part of the county within the meaning of section 310 of the Code of 1906 (section 3683, Hemingway's Code), providing that suit may be brought in the name of the county where only a part of the county or its inhabitants are concerned and where there is a public right of such part to be vindicated. This section was intended to enable the county to bring suit on behalf of a part of the county, where the legislature had not provided adequate remedies for the protention of public interests and had not conferred power to sue and be sued on such parts of a county. We do not desire to be understood as deciding in this case that the county may not in some cases bring suit on behalf of some drainage districts, but limit our opinion to this particular scheme of creating drainage district, which, under section 1707, is made a separate entity with full power to sue and be sued. There may be drainage districts, creat-

ed under other statutory schemes, where the county may have the power to bring such suits, and where the revenue agent might be authorized to represent the county in bringing such suit. We leave this question open for future decision. It is certain, then, that the revenue agent could not bring this suit on behalf of the county. Is the district a municipal corporation, within the meaning of that term as used in the section conferring powers upon the revenue agent? The term "municipalities," as used in said section, seems to refer to municipal corporations proper, which, under section 3299 of the Code, are divided into three classes, cities, towns, and villages; said section reading as follows:

"Municipal corporations are divided into three classes, viz.: Cities, towns and villages. Those having two thousand inhabitants or more are cities, those having less than two thousand and not less than three hundred inhabitants are towns, and those having less than three hundred and not less than one hundred inhabitants are villages. A municipal corporation shall not be created with a less population than one hundred inhabitants."

It is clear from this section, when construed in connection with the language of the statute giving power to the revenue agent, that it was intended to confer power on the revenue agent to represent municipal corporations of the character provided for in section 3299 of the Code of 1906. We are of the opinion that the revenue agent did not have power to bring suit in the present case, and, the chancellor having reached the same conclusion, the judgment is affirmed.

*Affirmed.*