ROBERTSON, STATE REVENUE AGENT, v. PEOPLE'S BANK & TRUST CO.

[79 South. 827, Division B.]

1. DRAINS. *Land district funds. Custodian and disbursing agent.*
   Under Code of 1906, section 376 (Hemingway's Code, section 3757), providing that swamp land district taxes collected by the sheriff shall be kept separate, and payable on the order of the commissioners, the sheriff is not only the collecting agent, but the custodian of the funds, and the disbursing agent of the commission.

2. DRAINS.  *Depositories.  Swamp land  district funds.   County funds.
   Drainage district funds.*

   Swamp land district funds are not "county funds," nor "drainage
   district funds," within the meaning of the Laws of 1912, chapter
   194   (Hemingway's Code, sections 4334-4250), requiring drainage
   district funds to be deposited in the manner of county funds, and
   the state revenue agent has no right as against the sheriff to the
   possession thereof.

APPEAL from the chancery court of Lee county.

HON. H. J. McINTYRE, Chancellor.

Suit by the People's Bank & Trust Company against
Stokes V. Robertson, State Revenue Agent, for an in-
junction.  Degree for complainant, and respondent ap-
peals.

Lower Town Creek swamp land district No. 2 of Lee
county was organized under sections 371 to 391, inclusive,
of the Code of 1906, and the amendments thereto.  The
board of supervisors of Lee county sold bonds of this
swamp land district, and levied taxes on the district to
raise funds to repay these bonds and interest.  The
People's Bank & Trust Company held bonds of this
district to the amount of two hundred and eighteen
dollars and four cents.  O. T. Trapp, the sheriff and tax
collector of Lee county, collected taxes due this dis-
trict to the amount of two hundred and fifty-one dollars
and fifty cents, and deposited this money to his credit
in the People's Bank & Trust Company in a special
account known as the account of "O. T. Trapp, Tax
Collector."  Stokes V. Robertson, state revenue agent,
after checking up the books and accounts of O. T. Trapp,
sheriff and tax collector, contended that this money
should not remain in the bank to Trapp's account, but
that Trapp should have paid this money over to the
county treasurer, and demanded that Trapp pay this
money to him, Robertson, so that he could turn it over
to the treasurer.  In pursuance to this demand Trapp
gave Robertson a certified check for this two hundred
and fifty-one dollars and fifty cents.  At this stage of

the proceedings the People's Bank & Trust Company filed a bill in the chancery court of Lee county against O. T. Trapp, sheriff and tax collector, and Stokes V. Robertson, state revenue agent, defendants. In this bill the People's Bank & Trust Company contended that Robertson had no power to collect this money from Trapp, and prayed that Robertson be enjoined from cashing the check, which he had received from Trapp, and that by a mandatory injunction Robertson be compelled to return the check to Trapp, and that Trapp be compelled to use this money, or so much of it as was necessary, to pay the bonds and interest of the Lower Town Creek swamp land district No. 2 which were held by the People's Bank & Trust Company. The chancellor rendered a decree granting the relief prayed for, and from this decree Robertson took an appeal to the supreme court.

*Thomas H. Johnston,* for appellant.

The court below held that the state revenue agent had no right to sue for, or demand of O. T. Trapp, sheriff and tax collector, the funds in his hands which he had collected for the account of the Lower Town Creek swamp land district No. 2; and that he had no right to demand or receive any commission for the money so collected by him. The court commanded and enjoined the said *Stokes* v. *Robertson,* state revenue agent, to return said check to the said O. T. Trapp, Sheriff and Tax Collector, and commanded and enjoined the said O. T. Trapp to collect the same and apply the proceeds to the payment of the bonds and interest coupons issued by Lee county on behalf of said swamp land drainage district, and authorized the said People's Bank & Trust Company, to pay said check to the said O. T. Trapp.

From this decree the state revenue agent appeals, and claims that the court erred in rendering said decree.

The authorities on which we rely for a reversal of this case are as follows: Hemingway's Code, chapter 162

(State Revenue Agent), and especially section 7056 (Powers of State Revenue Agent), and section 7057 (Duties of State Revenue Agent); Sections 3744 to 3763, inclusive—(Swamp Land Districts); Sections 4250 (Drainage District Funds—How dealt with); 36 Cyc. 1102, Construction of Statutes; 28 Cyc. 131, Meaning of Term "Municipality;" Words and Phrases, pp. 4630-31.

*W. D. & J. R. Anderson* and *Robin & Thomas,* for appellee.

This case is distinguished from the case of *Robertson, Revenue Agent,* v. *Thomas, Treasurer of Campbellton Drainage District,* in that that case is a drainage district organized under preceedings in the chancery court, as provided for in chapter 39 of the Code of 1906, and amendments thereof, while in this case, the Lower Town Creek swamp land district was organized by proceedings before the board of supervisors, as provided for in section 371 to 391 of the Code of 1906, and amendments.

There was but one point in that case. In this case there are two; the first being identical with the point in that case, to wit—that the revenue agent was without authority to demand and collect this money of the sheriff, and to take out his commissions of twenty per cent.

The second point, which distinguishes this case from that, is that the sheriff was the rightful custodian of this fund, and it was his duty, under the statute, to pay it directly to the holder of the bonds on maturing bonds and interest coupons.

On the first point our argument is the same as in the other case, which we here repeat for convenience.

The court below decided this case for the appellees on the ground that the revenue agent was without authority, as Lower Town Creek swamp land district was not a state, county municipality nor a Levee board,

and that none of these were interested in the money of the swamp land district.

We begin the discussion of this question by asserting what was not disputed in the lower court, and will not be controverted here, that the revenue agent has no power or authority except that given him by statute.

Section 7056 of Hemingway's Code enumerates his powers: "He shall have power and it shall be his duty to proceed by suit in the proper court against all officers, county contractors, persons, corporations, companies, and associations of persons for all past due and unpaid taxes of whatever kind, for all penalties or forfeiture for all past due obligations or indebtedness of any character whatever, owing to the state, or any county, municipality, or levee board, and for damages accrued out of the violation of any contract with the state, or any county, municipality, or levee board, and shall have the right of action and may sue at law or in equity for all such cases where the state, or any county, municipality, or levee board has the right of action or may sue."

The learned counsel for appellants has attempted to show that the revenue agent has a right of action against officers whether either the state, county, municipality or levee board are concerned or not. We cannot agree that this is the law, from the natural construction of this section of the statute. It might be possible to strain a point and take that view if it were not for the latter part of the section where this language is used: "He shall have a right of action, at law or in equity, in *all such* cases where the state, or any county, or municipality, or levee board has the right of action."

His right to sue and demand is only in such cases where the state, county, municipality, or levee board have a right of action or may sue. He is not concerned with, and has no power over, anything except where the state, county, municipality, or levee board is con-

cerned, and has the right of action.  *McBride* v. *State,*
70 Miss. 716; *State* v. *Fragiacomo,* 70 Miss. 799.

Not only does section 7056 limit his powers to those
in which the state, county, municipality, or levee board
has a right of action, but section 7057 of Hemingway's
Code, in defining his duties, limits his rights to ''in-
vestigate books, accounts and vouchers of all fiscal
officers of the state, and of every county, municipality,
or levee board, and to sue for, collect, and pay over
money improperly withheld *from either,* and he has the
right to sue and the right of action against all such
officers and their sureties to collect *any such money.*''

This section, 7057, again repeats the same idea in the
last clause of the section, in these words: ''And if he
shall examine the books, accounts and vouchers of any
fiscal officer and find them correct, he shall give a
certificate to that effect,'' etc.

To put this beyond peradventure, section 7061 of
Hemingway's Code provides that: ''All suits by the
state revenue agent shall be in his own name for the
use of the state, county, municipality, or levee board
interested.''

The office of revenue agent was created by the acts of
1880, page 94, chapter 11.  By this Act he was given
power to proceed in the proper court where the state,
county, or levee board was interested.  The word
''municipality'' was not in the original Act, but was
inserted in the Code of 1892, section 4191.

At the time the office of state revenue agent was
created, and for a long time thereafter, there were no
such things as road districts, drainage districts, nor
swamp land districts in this state, and hence the lan-
guage defining his powers was not made comprehensive
enough to include these.

Counsel for the appellant sees the force of this argu-
ment, and undertakes to evade its force by the citation
of the case of *Lafayette County* v. *Stokes V. Robertson,
State Revenue Agent, for the use of the City of Oxford.*

This case is no authority for the contention of the counsel for appellant. It was an affirmance without an opinion. The question here raised was not raised in that case at all. We have carefully examined the record in that case, and there was no question raised as to the power of the revenue agent to sue. In our opinion, it can be no authority in this case.

Counsel argues that because the swamp land funds, under sections 4289, 4365, 4250 and 4292, are to be assessed and collected as other taxes, and are to be deposited by the sheriff as other taxes, that the revenue agent would have control over and the right to demand these taxes. We do not so read the law. These Sections merely provide for assessment, collection and preservation of the funds of swamp land districts, but they give the revenue agent no authority with reference to them and no control over them.

We respectively submit that the revenue agent was without authority to demand and collect this money of the sheriff, and was without authority to impress upon it his twenty per cent commissions.

The books of the sheriff showed the money to be in his hands. It was deposited in the bank to his credit, as sheriff. There was no need for any interference by the state revenue agent in his paying it to the proper treasurer of the swamp land district.

As it appears to us, the last clause in each of sections 7056 and 7057 of Hemingway's Code, defines plainly what the term "municipalities" means, for the language "Board of Mayor and Alderman" could refer to nothing but cities, towns, and villiages.

The second proposition is that the sheriff is both sheriff and the treasurer of the swamp land district, created by the board of supervisors under authority of sections 371 to 391, inclusive, of the Code of 1906, being sections 3744 to 3767, inclusive, of Hemingway's Code.

Section 3750, after the organization of the district, provides for the levy of the special tax by the board

of supervisors. Section 3751 of Hemingway's Code directs that the sheriff shall collect this tax, and that he shall pay it out on the order of the commissioners, or a majority of them, to the contractor or the parties who have done the work in the channelling of the stream or streams.

Section 3758 of Hemingway's Code provides for the anticipation of the taxes for a number of years, and the issuance of bands.

Section 3762 provides for the sale of the bonds. Section 3763 is in the following language: "The board of supervisors shall levy a special tax each year on the lands in the swamp land district, sufficient to pay the bonds and coupons of that district maturing that year, not to exceed fifty cents per acre, and the sheriff shall collect said taxes and pay the same upon said bonds and coupons."

Now this section clearly constitutes the sheriff not only the collecting officer, but the disbursing officer of the district. So the scheme of the act was to constitute the sheriff the treasurer of the swamp land district, and hence there was nobody for him to pay this money to, except the holder of the bonds, the People's Bank & Trust Company, and certainly they are not a "municipality."

We respectively insist that the chancellor's decree should be affirmed.

Etheridge, J., delivered the opinion of the court.

The issues presented in this suit are settled in the opinion just delivered in *Robertson, Revenue Agent,* v. *Thomas,* 79 So. 289; both suits involving the power of the revenue agent to bring suit against the drainage district created under the Code chapter, and the judgment of the court below is affirmed.

*Affirmed.*

On Suggestion of Error.

This cause was affirmed at the last term of this court without an opinion, being decided at the same time the

case of *Robertson, Revenue Agent,* v. *Thomas,* 79 So.
289, was decided. In that case, referring to section
310, Code of 1906 (section 3683, Hemingway's Code),
this court said:

"This section was intended to enable the county to
bring suit on behalf of a part of the county, where the
legislature had not provided adequate remedies for the
protection of public interests and had not conferred
power to sue and be sued on such parts of a county."

The suggestion of error says this is a proper case for
the application of this section, as the swamp land dis-
trict is created under the chapter on boards of super-
visors, beginning at section 371, Code of 1906, and ex-
tending to section 391 of said Code, and that it is not a
drainage district under Chapter 39, Code of 1906, and
that it is not governed by the announcement in the
case of *Robertson* v. *Thomas, supra.*

We have re-examined the record on the suggestion of
error, and have reached the conclusion that the revenue
agent did not have a right to demand funds of the
sheriff in the present case, because the law did not re-
quire nor contemplate that the sheriff should keep the
taxes collected under the swamp land district in the
county depository. Section 376, Code of 1906 (section
3751, Hemingway's Code), provides that the "tax shall
be collected by the sheriff of said county as other taxes,
but he shall keep the swamp land fund for each swamp
land district separate and keep a record of it in a
book to be provided for that purpose. On an order of
the commissioners, or a majority of them, the sheriff
shall pay to any party or parties, who shall have
done work for them in the channeling of any stream
or streams, such sums as are mentioned in the order
and each order must bear a certificate of the majority
of the commissioners that the sum mentioned in the
order is for channeling purposes."

The sheriff, under this section, is not only the collect-
ing agent of the swamp land district, but he is custodian

of the funds and the disbursing agent of the commission.

When we come to the subject of the depositories, we find that section 4234, Hemingway's Code (Laws 1912, chapter 194), establishes depositories for county and drainage districts, and the amount of money belonging to the several current funds in the county treasury of each county in the state shall be kept in the county depository, and that such moneys shall be drawn out and warrant issued by the clerk of the board of supervisors on the order of the said board, or on the allowance of a court authorized to allow the same.

Section 4250, Hemingway's Code (Laws 1912, chapter 194), provides that the funds coming into the hands of the treasurer belonging to any drainage district shall be deposited in the depositories under the same conditions that county funds are deposited, to be drawn by the proper parties and in the manner provided by law.

These provisions apply to the county funds of counties, and the funds of the drainage districts created under the drainage chapter and several drainage acts.

The swamp land district funds are not county funds, nor drainage districts funds, within the meaning of these sections, and it follows that as the moneys involved in this suit were in the bank as deposits to the credit of the sheriff, and as the sheriff was the custodian of the funds under the swamp land district, that the revenue agent had no right to the possession of said funds, and the bank had the right to maintain the suit or injunction instituted in this case. It follows, from what has been said, that the judgment originally rendered was correct.

*The suggestion of error is overruled.*