# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-AN-00253-SCT

*IN THE MATTER OF INCLUSION INTO
THE CITY OF BILOXI, MISSISSIPPI:*

*JAMES C. FRISBY*

*v.*

*CITY OF GULFPORT, MISSISSIPPI AND
HARRISON COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/2011 |
| TRIAL JUDGE: | HON. HOLLIS MCGEHEE |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM LEE GUICE, III |
| | MARIA M. COBB |
| | PRESTON DUNCAN GOFF |
| ATTORNEYS FOR APPELLEES: | JEFFREY S. BRUNI |
| | MARGARET E. MURDOCK |
| | JERRY L. MILLS |
| | TIM C. HOLLEMAN |
| | PATRICK TAYLOR GUILD |
| NATURE OF THE CASE: | CIVIL – MUNICIPAL BOUNDARIES & ANNEXATION |
| DISPOSITION: | DISMISSED AS MOOT - 05/23/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., LAMAR AND COLEMAN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     The underlying annexation suit was voluntarily dismissed in 2008 with certain terms

and conditions imposed on the plaintiff.  The plaintiff now seeks clarification of the terms

set forth in the order of dismissal.  We find that the case should be dismissed as moot,

because nothing remains to be decided on appeal.

**Factual Background and Procedural History**

¶2.	James C. Frisby owns property in Harrison County. On September 20, 2007, Frisby filed a Petition for Inclusion, seeking to have his property annexed by the City of Biloxi. Both the City of Biloxi and the City of Gulfport were named in the suit.[1] Biloxi responded and asked the court to grant Frisby's petition. Gulfport objected to the inclusion of Frisby's property within the City of Biloxi. Harrison County filed an answer as an interested party and also objected. All of the local chancellors recused, and Judge Jason H. Floyd, Jr. was appointed as special judge for the case.

¶3.	Frisby initially requested that the case be on a "fast track," and asked for a trial date as early as February 2008. He subsequently requested continuances of several trial dates, claiming he was negotiating a "franchise agreement" with Biloxi, which was not yet complete, and that it would be premature to go to trial without the agreement. Trial eventually was set for October 13, 2008. At a discovery hearing on August 15, Judge Floyd learned that the franchise agreement still had not been completed and produced. He ordered the parties to consummate the agreement within two weeks or they would proceed to trial without it. On August 29, Frisby filed a motion for extension of time to finalize the franchise agreement. The court agreed to extend the deadline to September 9, but the trial date was not changed.

---

[1] The City of Gulfport was named in the annexation petition because its boundaries were within three miles of Frisby's property. In cases of annexation or enlargement of boundaries, any municipality within three miles "of the territory proposed to be incorporated" in another municipality must be named as a defendant in the petition for inclusion. Miss. Code Ann. § 21-1-31 (Rev. 2007).

¶4.    On October 10, 2008, the court held a telephonic status conference with the attorneys. Frisby asked for another continuance, which the chancellor denied. Later that afternoon, Frisby filed a Motion for Leave to Voluntarily Dismiss pursuant to Rule 41(a)(2) of the Mississippi Rules of Civil Procedure. Frisby claimed he was unable to finalize the agreement with Biloxi, and he asked for dismissal without prejudice, saying he would refile the inclusion suit when the agreement was finalized. Biloxi did not oppose Frisby's motion. Rather than proceeding with the trial as scheduled on October 13, Judge Floyd held a hearing on the motion to dismiss.

¶5.    Gulfport asked the chancellor to apply Mississippi Code Section 21-1-45, which provides that an inclusion suit cannot be refiled for two years after a dismissal on the merits. Miss. Code Ann. § 21-1-45 (Rev. 2007). In the alternative, Gulfport requested compensation for the costs incurred in defending the suit. Judge Floyd allowed the parties to submit documentation of their costs and expenses with indications of the discovery items that could and could not be used again if the suit was refiled. Gulfport submitted documentation of $111,500 in expenses and testified that approximately twenty percent of the discovery produced could be used again if the suit was refiled. Harrison County submitted proof of approximately $30,500 in expenses; Harrison County testified that twenty to twenty-five percent of its discovery could be reused when the suit was refiled.

¶6.    Judge Floyd granted Frisby's motion to dismiss without prejudice. He declined to apply Section 21-1-45, but he agreed that the defendants should be compensated for their

3

expenses if the suit was refiled, because Frisby should not have filed the suit prematurely.[2]

The order of dismissal provided:

> The [c]ourt, having now considered the evidence presented, both oral and documentary, finds that the Defendants would not be so prejudiced as to preclude the requested dismissal. The [c]ourt further finds, however, that justice requires the imposition of certain terms and conditions upon the Plaintiff.
>
> **IT IS THEREFORE ORDERED AND ADJUDGED** that the motion to dismiss the subject litigation filed by the Plaintiff is hereby GRANTED, without prejudice, on the following terms and conditions:
>
> 1. Plaintiff pay all court costs;
> 2. Plaintiff pay unto the Defendant City of Gulfport the sum of $17,265.00 for expert witness fees;
> 3. Plaintiff pay the Defendant City of Gulfport the sum of $78,151.00 for partial reimbursement of attorney fees; and
> 4. Plaintiff pay the Defendant Harrison County the sum of $20,384.00 for partial reimbursement of attorney fees.
>
> Neither the Plaintiff, nor anyone on his behalf, may refile this litigation until the foregoing terms and conditions have been satisfied and fulfilled. The amounts included in the foregoing conditions recognize that some portion of the work being charged for can be used in future litigation.

The order of dismissal was entered October 21, 2008. Nothing happened in the case for nearly two years after the dismissal.

---

[2] Mississippi Rule of Civil Procedure 41(a)(2), pertaining to voluntary dismissals, gives judges the authority "to dismiss a case in way which insures protection for the unwitting litigant." *BellSouth Pers. Comm'n, LLC v. Bd. of Supervisors of Hinds County*, 912 So. 2d 436, 443-44 (¶ 26) (Miss. 2005). In other words, "the chancellor has the authority to condition the dismissal or the ability to refile when it unfairly affects the other side." *Roebuck v. City of Aberdeen*, 671 So. 2d 49, 51 (Miss. 1996). Granting a motion to dismiss, with or without conditions, under Rule 41(a)(2) is within the sound discretion of the trial court. *BellSouth*, 912 So. 2d at 440 (¶ 13).

4

¶7. In September 2010, a new attorney for Harrison County filed an entry of appearance. He also filed a Motion to Reduce Award of Costs and Fees to Judgment, asking the court to enter a judgment in favor of Harrison County and Gulfport. The record revealed the following about how this came about: Some time in 2009, Gulfport (rather than Biloxi) began the process of annexing a portion of Frisby's land. Gulfport filed the appropriate petition for inclusion; Harrison County intervened and opposed the inclusion. Harrison County asked the judge in that case to enforce Judge Floyd's order in the earlier case and require Frisby to pay the costs set forth in the order since the suit had been refiled. The judge refused to do so, holding that the conditions applied only if Frisby, or someone on his behalf, refiled the same suit. He held that the Gulfport filing was a different matter, so the conditions did not apply. Unsatisfied, Harrison County attempted to enroll the order as a judgment. The circuit clerk did not view the order as a final judgment and would not enroll it, so Harrison County filed a motion in the original action asking to have the order reduced to a judgment.

¶8. Frisby responded and asked the court to deny the motion, claiming Judge Floyd had not intended for the order of dismissal to be a final judgment. Frisby claimed that his refiling the annexation litigation was the only event that would trigger the requirement that he pay the amounts set forth in the order of dismissal. A new special chancellor, Judge Hollis McGehee, was appointed to preside over the case. After a hearing, Judge McGehee entered an order on June 1, 2011, denying Harrison County's motion. The order read, in its entirety:

> On October 21, 2008, this court entered an "ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE AND WITH TERMS AND CONDITIONS[,"] a copy of which is attached hereto and incorporated herein by reference. This was a final order, subject to appeal, thus constitutes a final judgment pursuant to Rule 54(a) and Rule 58 MRCP. Therefore the court

5

finds that the Motion to Reduce Award of Costs and Fees to Judgment is not well taken and is denied.

¶9. Relying on Judge McGehee's ruling, Harrison County enrolled judgments, in its own name and on behalf of Gulfport, against Frisby for the amounts set forth in the original order of dismissal. When the judgments were not paid, Harrison County filed a Motion for Examination of Judgment Debtor on September 9, 2011. Frisby responded to the motion and contended that the original order of dismissal did not require payment of the costs set forth therein unless he refiled the inclusion suit. Thus, he maintained that Harrison County did not have a valid judgment. Frisby also filed a motion for relief from judgment under Rule 60(b), setting forth the same position and asking the court to clarify that the original order of dismissal was not a judgment, but that the chancellor intended only to provide conditions that must be satisfied before Frisby could refile the suit.

¶10. Following a hearing, Judge McGehee entered a short order denying Frisby's motion for relief, which incorporated his "ruling on the record." At the hearing, he had said, in part:

> When I look at this order . . . I don't think you can focus in on any one word. . . . you've certainly got to look at the whole document and try to ascertain its meaning. . . . "The [c]ourt further finds that justice requires the imposition of certain terms and conditions upon the plaintiff." It does not say upon the plaintiff refiling, or upon -- if the plaintiff wants to come back. It says for this to be done, there are certain terms and conditions that must be imposed.
>
> And then he says, just as plain and straightforward, the [c]ourt order says, that the motion to dismiss is granted on the following terms and conditions, and then it sets those out. . . . That language just doesn't beg any argument, as I read it. . . .
>
> And then he adds: "Neither the plaintiff nor anyone on his behalf may refile this litigation until the foregoing terms and conditions have been satisfied and fulfilled." I don't think anything in that language modifies or does away with the fact that he said I am granting this motion to dismiss on the following

6

conditions. So I don't find anything ambiguous about his order or anything that's not clear. . . . we've got a three-plus-year-old order that is plain and unambiguous on its face. It says what it says.

The order was entered January 10, 2012, and Frisby timely appealed. In February 2012, Frisby paid Harrison County $20,384 in hopes of settling the matter, although he still disputed that he owed that amount to Harrison County. Even though Harrison County has been paid, the parties have proceeded with the appeal.[3]

**Discussion**

¶11.    Frisby presents one issue on appeal – whether the chancellor erred in denying his Rule 60(b) motion for relief. Frisby asks this Court to grant his motion for relief and "enter an [o]rder reflecting Rule 60(b) relief from judgment, or in the alternative, to remand the [m]otion for evidentiary hearing at the [c]hancery [c]ourt level." In his rebuttal brief, Frisby articulates that he actually seeks clarification of the original order of dismissal from October 2008. Frisby also raises the issue of standing, arguing that Harrison County does not have standing to assert its position in the appeal. The question of standing is dispositive, so we address that issue only.

> **Whether Harrison County has an interest in the matter sufficient to maintain its position on appeal.**

¶12.    Frisby argues that Harrison County does not have standing to assert its position in the appeal because it does not have a stake in the outcome. Although Frisby disputed that he owed anything to Harrison County, he paid Harrison County $20,384 in hopes of settling the matter. A Partial Satisfaction of Judgment, which stated that Frisby had paid Harrison

---

[3] Biloxi is not participating in the appeal, as it has no interest in the matter.

7

County "all sums due" and that Frisby's obligations to Harrison County were satisfied, was signed by the attorneys for Frisby and Harrison County and filed on March 5, 2012.

### A. Standing

¶13. The question of standing is a jurisdictional issue that can be raised at any time by any party or by the Court, and the standard of review is *de novo*. **Hall v. City of Ridgeland**, 37 So. 3d 25, 33 (¶ 23) (Miss. 2010) (internal citations omitted). "In Mississippi, parties have standing to sue 'when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law.'" **Id.** at 33 (¶ 24) (quoting **Burgess v. City of Gulfport**, 814 So. 2d 149, 152-53 (¶ 13) (Miss. 2002)). A "colorable" claim or action is one "appearing to be true, valid, or right." **Hall**, 37 So. 2d at 33 n.6 (quoting **Schmidt v. Catholic Diocese of Biloxi**, 18 So. 3d 814, 827 n.13 (Miss. 2009)). A party's claim "must be grounded in some legal right recognized by law, whether by statute or by common law" and that party must be able to show that it has "a present, existent actionable title or interest[.]" **City of Picayune v. S. Reg'l Corp.**, 916 So. 2d 510, 526 (¶ 40) (Miss. 2005) (internal citations omitted).

¶14. Frisby and Harrison County extinguished Harrison County's claim when Frisby paid Harrison County and both parties executed a satisfaction of judgment. If Harrison County were to prevail in the instant appeal, it would not be entitled to any award. Therefore, Harrison County does not have a present interest in this matter. Harrison County acknowledges that it has been paid, but it asserts that its interest in the matter is based on its representation of the taxpaying citizens of Harrison County, some of whom also are citizens

8

of Gulfport. Harrison County asserts that it is in those citizens' best interest for Frisby to pay Gulfport.

¶15.    Harrison County maintains that the issue of standing was settled in ***Harrison County v. City of Gulfport***, 557 So. 2d 780 (Miss. 1990). In that case, we held that the county had standing to intervene in an annexation matter. ***Id.*** at 787. Certainly, counties have the right to intervene in annexation cases, as Harrison County did in the underlying suit here. However, this is no longer an annexation case. Harrison County provides no additional support for its claim that it has standing to assert its position on behalf of the taxpaying citizens of the City of Gulfport.

¶16.    Municipalities have a statutory right to "sue and be sued." Miss. Code Ann. § 11-45-25 (Rev. 2002). *See also* Miss. Code Ann. § 21-17-1 (Rev. 2007) ("[e]very municipality of this state shall be a municipal corporation and shall have power to sue and be sued"). Municipal corporations that have at least 2,000 inhabitants are classified as cities. Miss. Code Ann. § 21-1-1 (Rev. 2007). Thus, cities are entities with the right to "sue and be sued." Counties are authorized by a separate statute to "sue and be sued." Miss. Code Ann. § 11-45-17 (Rev. 2002). Further, a county can bring a suit "where only a part of the county or of its inhabitants are concerned, and where there is a public right of such part to be vindicated." Miss. Code Ann. § 11-45-19 (Rev. 2002). However, a county does not have the right to pursue an action on behalf of some of its citizens, who are otherwise represented by a separate entity that has its own authority to sue but has declined to do so. *See **Robertson v. Thomas***, 118 Miss. 423, 79 So. 289, 290 (1918) (code section permitting a county to bring suit on behalf of part of the county was intended only for those instances "where the

9

Legislature had not provided adequate remedies for the protection of public interests and had not conferred power to sue and be sued on such parts of a county").

¶17. Gulfport's interest in this matter, if any, is related to the amount of expenses enumerated in the original order, which were assigned to Gulfport in its capacity as a municipal corporation. Harrison County does not have the right to pursue an action on behalf of Gulfport, because Gulfport has its own right to do so. *See* **Robertson**, 79 So. at 290. Gulfport has participated throughout this suit and contends Frisby is not required to pay the amounts set forth in the order. Harrison County certainly cannot assert a position on behalf of Gulfport that is contrary to the city's actual position. We hold that Harrison County does not have the right to pursue a claim on behalf of some of its citizens, who are aptly represented by the city, just because the county does not agree with the city's position.

¶18. We recognize that standing generally applies to plaintiffs, and in the instant case, Harrison County is the defendant and appellee. Standing is defined as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Black's Law Dictionary* 671 (3d pocket ed. 2006). Harrison County was an intervenor in the underlying annexation suit, and Harrison County initiated the collection of the judgments against Frisby. Thus, standing did apply to Harrison County as a party "mak[ing] a legal claim or seek[ing] judicial enforcement of a duty or right." *Id.* Harrison County had standing to participate when the annexation suit was initiated. Harrison County also had standing when it attempted to collect what it believed it was owed under the order of dismissal. However, the original annexation suit was dismissed by the order entered October 21, 2008, and Harrison County's monetary claim was satisfied by Frisby's payment of the disputed money to Harrison County.

10

¶19.    Although Frisby has pursued the appeal, Harrison County continues to participate and maintains the same position it asserted in seeking to have the judgments enforced against Frisby. Frisby has argued that his payment to Harrison County "satisfied all sums claimed by Harrison County" and that Harrison County no longer has anything at risk in the litigation and has no judicable interest in the appeal. Thus, Frisby has bound himself to the position that his payment to Harrison County in satisfaction of the judgment was a final payment for which he will not seek redress. *Miss. Power & Light Co. v. Cook*, 832 So. 2d 474, 482 (¶ 22) (Miss. 2002) ("Judicial estoppel is a doctrine of law applied by a trial court to a situation where a party asserts one position in a prior action or pleading but then seeks to take a contrary position to the detriment of the party opposite."). Because Frisby's payment to Harrison County was final, we agree that Harrison County no longer has a present interest in this matter.

### B. Mootness

¶20.    We repeatedly have held that "[c]ases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot." *See Fails v. Jefferson Davis County Pub. Sch. Bd.*, 95 So. 3d 1223, 1225 (¶ 10) (Miss. 2012); *City of Madison v. Bryan*, 763 So. 2d 162, 166 (¶ 22) (Miss. 2000); *Monaghan v. Blue Bell, Inc.*, 393 So. 2d 466, 466 (Miss. 1980). Thus, standing must exist when litigation is commenced and must continue through all subsequent stages of litigation, or the case will become moot.[4] Cases

---

[4] "Mootness has been called 'the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Jeffrey Jackson, 1 *Mississippi Civil Procedure* § 1:28 (2013) (quoting Henry P. Monaghan, *Constitutional Adjudication: The*

that have become moot will be dismissed, because the Court does not adjudicate moot questions. *City of Madison*, 763 So. 2d at 166 (¶ 22).

¶21. A case is moot if "a judgment on the merits . . . would be of no practical benefit to the plaintiff or detriment to the defendant." *Gartrell v. Gartrell*, 936 So. 2d 915, 916 (¶ 8) (Miss. 2006) (internal citations omitted). Because Harrison County no longer has an interest in the instant case, the case is moot. The remaining parties – Frisby and Gulfport – agree that the original order of dismissal required Frisby to pay the expenses only if Frisby refiled the annexation suit. Gulfport does not seek any money from Frisby. Therefore, we have nothing to decide. We have held that "the review procedure should not be allowed for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions." *City of Madison*, 763 So. 2d at 166 (¶ 23) (quoting *Allred v. Webb*, 641 So. 2d 1218, 1220 (Miss. 1994)).

¶22. "This Court cannot entertain an appeal where there is no actual controversy. If an appeal involves questions about rights which no longer exist, the appeal will be dismissed." *Gartrell*, 936 So. 2d at 916 (¶ 7) (Miss. 2006) (citing *McDaniel v. Hurt*, 92 Miss. 197, 41 So. 381 (1907)). The Court has found that an appeal became moot where the dispute pertained to a fee assessed by a chancellor, but the fee was paid between the announcement of the chancellor's judgment and the appeal. *Rhodes v. Rhodes*, 336 So. 2d 1315, 1316 (Miss. 1976) ("the error, if any, in the chancellor's holding has become moot and decision

---

*Who and When*, 82 Yale L.J. 1363, 1384 (1973) (citing *Roe v. Wade*, 410 U.S. 113, 125, 93 S. Ct. 705, 712, 35 L. Ed. 2d 147 (1973) ("an actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated."))).

by this Court would be an exercise in academics"). The Court dismissed another appeal as moot where the action had been reduced to judgment and the appellant had accepted payment for his portion of the judgment prior to the appeal. *Ford v. Miss. Power Co.*, 289 So. 2d 694, 694 (Miss. 1974). Similarly, Harrison County has accepted payment for the amount it claims it was owed under the order of dismissal. Harrison County no longer has any interest in the case. Gulfport agrees with Frisby's understanding of the conditions in the order, and it does not seek payment from Frisby. Thus, there is nothing to be determined at this point, and the appeal is dismissed as moot.

### Conclusion

¶23.    Harrison County no longer has an interest in the instant case. Because Harrison County has been paid by Frisby, and Gulfport does not claim it is owed anything, nothing is left to be adjudicated. The instant appeal is dismissed as moot.

¶24.    **DISMISSED AS MOOT.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER AND KING, JJ., CONCUR. PIERCE, J., NOT PARTICIPATING.**