James L. McDaniel et al. *v.* Walter Hurt et al.*

[41 South., 381.]

1. Appeal. *Academic questions.*
    An appeal will be dismissed if when the case is reached for hearing no actual controversy is then involved and a reversal can do no good.

2. Same. *Concrete case.*
    An appeal from a decree dissolving an injunction restraining the holding of an election will be dismissed where the election was held and concluded before the case was reached in the supreme court.

3. Injunction. *Scope of remedy.*
    Rights already lost and wrongs already perpetrated are beyond the scope of injunctive relief.

From the chancery court of Perry county.

Hon. Thaddeus A. Wood, Chancellor.

McDaniel and others, appellants, citizens and tax payers of Perry county were complainants in the court below; Hurt and others, appellees, election commissioners of the county, were defendants there. The object of the suit was to enjoin the holding of a special election to fill a vacancy in the office of sheriff of the county. A preliminary injunction having been granted, the court below dissolved the same, granting complainants an appeal to the supreme court without supersedeas "for the purpose of settling the principles of the case." Before the case was reached in the supreme court the special election was held and the vacancy in the office filled.

*Sullivan & Tally,* for appellants.

Whitfield, C. J., delivered the opinion of the court.

This court cannot entertain an appeal where there is no actual controversy. See Ency. Pl. & Prac. vol. 2, p. 341, § 4; and

* This case was decided July 2, 1906, but was not reported sooner because of a displacement of the record.

especially note 2 on page 343, and the authorities therein cited, particularly *Chamberlin* v. *Cleveland,* 1 *Black* (U. S.), 419; 17 L. Ed., 93; *Little* v. *Bowers,* 134 U. S., 547, 10 Sup. Ct., 620, 33 L. Ed., 1016, and *Chicago R. R. Co.* v. *Dey,* 76 Iowa, 278, 41 N. W., 17, in which last case it is held that, "where the cause on appeal relates to questions involved in rights which have ceased to exist, the appeal will be dismissed." It is also laid down on page 344, in note 1: "The appellate court will not determine a cause involving nothing more than a question of costs"—citing numerous authorities.

Again, the object of this injunction was to prevent the holding of the election for sheriff. The injunction was dissolved, and a supersedeas denied, and then, curiously enough, an appeal granted, as alleged, for the purpose of "settling the principles of the cause." The whole cause was "settled" when the election was held, and, the injunction being dissolved and the supersedeas denied, the officers properly proceeded to hold, and did hold, the election. We are in the attitude of being asked, by this appeal to reverse this decree, reinstate the injunction, and to make the injunction perpetual, against the holding of an election which has been already held. An injunction is not granted to prevent the occurrence of a thing which has already occurred. In 16 Ency. of Law (2d ed.), 362, the law is thus stated: "It is a general rule that rights already lost and wrongs already perpetrated cannot be corrected by injunction, and that the party aggrieved must seek some other remedy for redress."

On both the grounds indicated, therefore, this appeal should be, and is hereby, dismissed.

*Appeal dismissed.*