641 So.2d 1218 (1994)
DeWitt T. ALLRED III, Individually, and Dewitt L. Fortenberry, Jr., in his Capacity as District Attorney for the Thirteenth Circuit Court District
v.
Richard W. WEBB.
No. 91-CA-00750.
Supreme Court of Mississippi.
August 18, 1994.
DeWitt T. Allred III, Jackson, for appellant.
Joseph E. Roberts, Jr., Crymes G. Pittman, Pittman Germany Roberts & Welsh Firm, Jackson, for appellee.
*1219 Before HAWKINS, C.J., and McRAE and ROBERTS, JJ.
McRAE, Justice for the Court:
This appeal arises from the June 28, 1991, Forrest County Circuit Court judgment in which Circuit Court Judge Richard McKenzie entered an order precluding appointed district attorney DeWitt Allred from terminating the employment of Richard W. Webb as an assistant district attorney. Allred raises the following issue on appeal:
The trial court erred in its decision that an appointed district attorney does not have the authority to remove his assistant district attorney at his discretion.
Finding that an appointed district attorney has the power and authority of an elected district attorney, we reverse the decision of the Forrest County Circuit Court and hold that Allred had the authority to remove Webb in his discretion.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
On February 12, 1991, DeWitt Allred was appointed District Attorney for the Thirteenth Circuit Court District by Governor Ray Mabus. At this time, Richard Webb was the assistant district attorney. Allred notified Richard Webb on May 31, 1991, that he would be relieved of his duties as assistant district attorney effective June 30, 1991, and, in addition, informed the State of Mississippi Department of Finance and Administration that Webb was being removed from office.
Webb, pursuant to Miss. Code Ann. § 11-41-1, et seq., (1972) and Rule 65 of the Mississippi Rules of Civil Procedure, filed a motion for a temporary restraining order, preliminary injunction and permanent injunction in the Circuit Court of Forrest County on June 21, 1991. Webb urged the trial court that since Miss. Code Ann. § 25-31-6 (1972) specifically provides that an assistant district attorney "may be removed at the discretion of the duly elected and acting district attorney, or for cause by the senior circuit judge of the district", Allred's attempted removal of Webb was unlawful and void because Allred was appointed by Governor Ray Mabus and not duly elected.
A temporary hearing was set for June 28, 1991. On that same date, Allred filed a motion requesting that the trial on the merits be advanced and consolidated with the temporary hearing. The hearing was conducted on June 28, 1991, and the court entered an order finding that Webb was entitled to the relief he sought. The court ordered that Allred take all necessary steps to reverse any actions he had taken in removing Webb as assistant district attorney.
Prior to the lower court's order from which this appeal is taken, Allred ran for the office of District Attorney for the Thirteenth Circuit Court District and was defeated. Dewitt Fortenberry, Jr. took office as the duly elected district attorney and reappointed Webb to the position of assistant district attorney. On January 24, 1992, Fortenberry and Webb, in accordance with Rule 42 and 43 of the Mississippi Supreme Court Rules, motioned this Court to substitute Fortenberry as the appellant in this case since Allred had ceased to be the district attorney, and also requested that, following Fortenberry's substitution as appellant, this cause be dismissed.
In an order dated March 25, 1992, we held that, according to Mississippi law, Fortenberry had been automatically, upon being sworn in as the duly elected district attorney, substituted as a party. Although we found that the movants had met the conditions for voluntary dismissal of this appeal under Rule 42(b) of the Mississippi Supreme Court Rules regarding the official capacity of the individual holding the office of district attorney, we denied the voluntary dismissal insofar as it related to Allred's individual capacity.
On April 7, 1992, Webb filed a motion to dismiss the case arguing that because DeWitt T. Allred III was no longer the appointed District Attorney for the Thirteenth Circuit Court District and because Webb had been reappointed to the position of Assistant District Attorney for the Thirteenth Circuit Court District, the issue raised by Allred's appeal was moot. Allred contested the motion and argued this Court ought to apply the doctrine of "capable of repetition yet evading review" set forth in Strong v. Bostick, 420 *1220 So.2d 1356, 1359 (Miss. 1982). We denied Webb's motion.

DISCUSSION OF LAW
As this Court articulated in Monaghan v. Blue Bell, Inc., 393 So.2d 466 (Miss. 1980):
Cases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot. We have held that the review procedure should not be allowed for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions. Insured Savings & Loan Association v. State, 242 Miss. 547, 135 So.2d 703 (1961); McLendon v. Laird, 211 Miss. 662, 52 So.2d 497 (1951); Van Norman v. Barney, 199 Miss. 581, 24 So.2d 866 (1946).
This Court will not adjudicate moot questions. Bradley v. State, 355 So.2d 675 (Miss. 1978); Stevens Enterprises, Inc. v. McDonnell, 226 Miss. 826, 85 So.2d 468 (1956); Sheldon v. Ladner, 205 Miss. 264, 38 So.2d 718 (1949).
Monaghan, 393 So.2d at 466-67. See Jackson County School Board v. Osborn, 605 So.2d 731, 734 (Miss. 1992); Miss. Ass'n of Educators v. Trustees JMSSD, 510 So.2d 123, 126 (Miss. 1987).
Allred insists that the case sub judice should not be considered moot as it is a matter of public interest and argues that the case at hand falls within the purview of the "capable of repetition but evading review" doctrine employed by the United States Supreme Court in Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) and adopted in Strong v. Bostick, 420 So.2d 1356 (Miss. 1982). To utilize the "capable of repetition but evading review" doctrine, these two elements must be combined:
(1) The challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and
(2) There was a reasonable expectation that the same complaining party would be subject to the same action again.
Weinstein, 423 U.S. at 149, 96 S.Ct. at 348. Although this is sound jurisprudence, the two elements are not found in the case sub judice because there is no reasonable expectation that Allred will face this situation again since he is no longer the District Attorney for the Thirteenth Circuit Court.
This Court's decision in Strong v. Bostick, nonetheless, establishes merit in Allred's claim. In Strong, this Court cited Sartin v. Barlow, 196 Miss. 159, 16 So.2d 372 (1944), for the proposition that the question of mootness is not applied in matters of public interest. Strong, 420 So.2d at 1359. Sartin provides in pertinent part:
While it is well established in this state, as well as elsewhere, that as a general rule an appeal will be dismissed when no useful purpose could be accomplished by entertaining it, when so far as concerns any practical ends to be served the decision upon the legal questions involved would be merely academic, it has, on the other hand, been broadly stated that the rule will not be applied when the question or questions involved are matters affecting the public interest ... That statement is made more accurate, however, by the further statement that there is an exception to the general rule as respects moot cases, when the question concerns a matter of such a nature that it would be distinctly detrimental to the public interest that there should be a failure by the dismissal to declare and enforce a rule for future conduct.
Sartin v. Barlow, 196 Miss. 159, 16 So.2d 372, 376 (1944) (emphasis added).
This situation is clearly not a mere private dispute between two parties since future district attorneys inevitably will find themselves in the same quandary as Allred found himself in 1991. A district attorney in this same situation will either (1) suffer an assistant district attorney in whom he lacks confidence and whom he would like to replace or (2) remove the assistant and face the likelihood of having to take time away from his duties as district attorney in order to litigate the issue in court. Accordingly, we hold that this appeal is one of public interest and, thus, we will entertain Allred's appeal.

*1221 ISSUE ON APPEAL

DID THE TRIAL COURT ERR IN ITS DECISION THAT AN APPOINTED DISTRICT ATTORNEY DOES NOT HAVE THE AUTHORITY TO REMOVE HIS ASSISTANT DISTRICT ATTORNEY AT HIS DISCRETION?
Allred was the District Attorney for the Thirteenth Circuit Court by virtue of appointment. The lower court found that since Allred was appointed rather than elected, he had no statutory authority to remove Webb from his office of assistant district attorney. The statute in question is Mississippi Code Annotated § 25-31-6 (1972) which provides in part:
Said legal assistants [assistant district attorneys] may be removed at the discretion of the duly elected and acting district attorney, or for cause by the senior circuit judge of the district. (emphasis added).
The question before this Court is one of statutory construction, specifically, construing the words "duly elected." The lower court held the words "duly elected" preceding the words "district attorney" to their literal meaning and ruled that Allred, as an appointed district attorney, could not remove an assistant district attorney.
Webb contends that words contained in our statutes must be given their conventional, customary and popular meaning. In Mississippi Power Company v. Jones, 369 So.2d 1381 (Miss. 1979) we held that "[w]here the language used by the legislature in a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion to resort to rules of statutory interpretation." Jones, 369 So.2d at 1388. The word "elected" is defined in Black's Law Dictionary, Sixth Edition (1979) as follows: "The word `elected' in its ordinary signification, carries with it the idea of a vote, generally popular, sometimes more restricted, and cannot be held the synonym of any other mode of filling a position."
Webb insists that if the legislature had intended to allow appointed district attorneys to remove assistant district attorneys, it would have simply used the language "duly elected or appointed district attorney." Since the legislature choose not to word the statute so, Webb contends that this Court should not add to the plain meaning of the words that were used. Webb argues that the interests of the people of Mississippi are fully protected under the lower court's ruling since during the period when the office of district attorney is being held by an appointee of the governor, the senior circuit court judge may remove an assistant for cause.
We, on the other hand, hold that the words "elected" and "appointed" are not per se exclusive of one another and point to other jurisdictions that have held that there is no functional distinction between an appointment and an election. Odell v. Rihn, 19 Cal. App. 713, 719, 127 P. 802, 805 (1912), provides, in part:
Statutes must be read and considered in conjunction with the legislative intent, and then be liberally construed with the object in view of effecting such intent... . The words "elected" and "appointed" ordinarily are not synonymous. In its limited sense, the word "elected" is usually employed to denote the selection of a public officer by the qualified voters of a community. On the other hand, the word "appointed" is generally understood to mean the selection of a public officer by one person who is empowered by law to make the appointment. In its broadest sense, however, the word "elected" means merely "selected". When used in that sense, the word "elected" is synonymous with the word "appointed"; and where, as in the case at bar, a public officer has been selected by the votes of several members of a city council, it may be truly said, in the broadest sense of the term, that he was elected.
Odell, 127 P. at 805 (emphasis added). See Courier-Journal and Louisville Times Co. v. University of Louisville Board of Trustees, 596 S.W.2d 374, 378-79 (Ky. 1979) (when faced with same dilemma of distinguishing between terms "appointed" and "elected", court held that "there is no distinction between the two terms"); Shields v. Wilkins, 449 S.W.2d 220, 223 (Ky. 1969) ("We conclude that the selection of a person to fill a vacancy *1222 in a common school district office is synonymous with an election within the meaning of Section 155 of the Constitution"); Barrett v. Hite, 37 Cal. Rptr. 320, 389 P.2d 944, 946 (1964) (holding that judges who were appointed rather than elected were entitled to same treatment provided by pertinent section of constitution). Since an appointed district attorney is given all the duties and responsibilities of a duly elected district attorney, then, logically, the appointed district attorney should also have all of the power and authority given to an elected district attorney. See Peters v. Hansen, 157 So.2d 103, 105 (Fla.App. 1963) (law that imposes duties on official also implies necessary power to achieve duties). The lower court's decision erroneously construed the statute to mean that an appointed district attorney would have all the duties and responsibilities of a district attorney, but not all his power and authority.
"An unwise purpose will not be imputed to the legislature when a reasonable construction is possible." Brown v. State, 533 So.2d 1118, 1123-24 (Miss. 1988) [quoting Sheffield v. Reece, 201 Miss. 133, 143, 28 So.2d 745, 749 (1947)], cert. denied, 489 U.S. 1097, 109 S.Ct. 1570, 103 L.Ed.2d 936 (1989). In Ryals v. Pigott, 580 So.2d 1140 (Miss. 1990), cert. denied, ___ U.S. ___, 112 S.Ct. 377, 116 L.Ed.2d 328 (1991), this Court provided that "[s]tatutes should be read sensibly ... and this is so even if it means correcting the statute's literal language." Ryals, 580 So.2d at 1148 fn. 15. Suppose this hypothetical. Following the appointment of a district attorney, the assistant district attorney resigns and the appointed district attorney names a new assistant district attorney. The district attorney, under the lower court's holding, would not have the authority to remove the new assistant appointed by himself because only "elected" district attorneys have the power to do so.
In addition, the position of assistant district attorney is one of an at-will employment contingent upon his relationship with the district attorney. With the lower court's ruling, however, an assistant district attorney whose district attorney for some reason vacates his position would virtually have guaranteed employment when the newly appointed district attorney took office, subject only to the power of the circuit judge to remove him for cause. There is no valid reason for the legislature to allocate such atypical job security to an assistant district attorney while the assistants named by the appointed district attorney must continue to work at the will and pleasure of the district attorney.
When construing a statute, all possible repercussions and consequences should be considered. Quitman County v. Turner, 196 Miss. 746, 18 So.2d 122, 126 (1944). When no valid reason exists for one of two possible constructions of a statute, the interpretation with no valid reason ought not be adopted. Thornhill v. Ford, 213 Miss. 49, 56 So.2d 23, 30 (1952). If there exists ambiguity in the meaning of a statute, a court must uphold the legislature's intent even though the letter of the statute is violated. Hendrix v. Foote, 205 Miss. 1, 38 So.2d 111, 117 (1948).
The trial court held the term "duly elected" as self-evident and excluded appointed district attorneys from the power granted in the statute. The legislature has, however, been more explicit in its choice of words in other statutes. In Miss. Code Ann. §§ 25-4-25(a), 25-9-107(c)(v) (1972) the phrases "persons elected by popular vote" and "officers and officials elected by popular vote" are used. Had the legislature aimed that the term "duly elected" exclude the term "appointed", it would not have found it necessary in these other statutes to use the term "elected by popular vote."
The statute immediately following the statute in question provides in part that "[a]ll expenditures made from said office operating allowance shall be upon written requisition of the duly elected district attorney to the state auditor ..." Miss. Code Ann. § 25-31-8 (1972) (emphasis added). If the construction given to Miss. Code Ann. § 25-31-6 (1972) by the court below be accepted, then the same must be true for Miss. Code Ann. § 25-31-8 (1972). The obtuse result would be that an appointed district attorney would have no power or authority to pay for the expenditures of the district attorney's office from the operating allowance appropriated for that *1223 very purpose. We hold that the legislature intended no such result. An appointed district attorney is the district attorney in his own right and serves the full balance of an unexpired term.

CONCLUSION
When one is appointed by the governor to the position of district attorney, he is fully responsible for that office. In order to be accountable to his oath, to the people of his district and for his assistant district attorney's acts, an appointed district attorney should be given the same power and authority as an elected district attorney, encompassing the authority to remove an assistant district attorney and appoint one of his own choosing. The legislature did not intend the outcome of the trial court's ruling, and, as we must give reasonable meaning to our statutes, we reverse the decision of the Circuit Court of Forrest County and hold that Allred had the power to remove Webb in his discretion.
REVERSED AND RENDERED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
PITTMAN, J., not participating.