Serial: 134468

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 2005-IA-00747-SCT**


*DIANE M. GARTRELL, LISA LEANN*                                         *Appellants*
*(GARTRELL) JOHNSEY, AND JODEY*
*JON GARTRELL*

*v.*

*M. KAY GARTRELL (a/k/a KAY*                                                 *Appellee*
*GARTRELL KIRSCHNER)*


**ORDER**


¶1. This matter is before the en banc Court on the Appellants' Interlocutory Appeal from the DeSoto County Chancery Court's Order Granting Commission to take Out-of-State Deposition of the natural father of two adult adopted children. After full consideration of the record before us, we find as follows:

¶2. On March 3, 2005, M. Kay Gartrell filed a Petition for Commission in an heirship action, requesting the chancellor to issue a subpoena to George Joseph Weiss, a resident of the state of Arizona, for a deposition to determine whether Weiss consented to the adoption of his natural children, Lisa and Jodey, in 1984. The chancellor granted the commission, stating the Arizona court clerk shall issue a subpoena to Weiss, compelling him to appear at the law office of a Phoenix, Arizona, attorney on March 31, 2005. There was no indication in the record that notice of the filing, or the granting of the commission was given to anyone prior to the entry of the chancellor's order.

¶3.    Lisa, then age 16, and Jodey, then age 18, were adopted in DeSoto County by their step-father William Gartrell, III, the husband of their natural mother, Diane M. Gartrell, on November 15, 1984.   At the time of the adoption proceedings, Diane attempted to notify Weiss at an address in Michigan, and by publication in DeSoto County,  but despite her efforts to notify him, Weiss was not present at the adoption proceedings.   In the intervening twenty years, no questions arose regarding the legality of the adoptions.

¶4.    The Appellant herein, Diane M. Gartrell, in her capacity as executrix of the estate of William Gartrell, and the adopted children filed a Motion to Quash the subpoena on March 16, and attached an Affidavit from Weiss, dated March 22, 2005, in which he stated, in pertinent part:

> 2.  I am the natural father of Jodey Jon Gartrell and Lisa LeAnn Gartrell Johnsey.
>
> 3.  I was aware of, and consented to, the adoption proceedings wherein William C. Gartrell, III, adopted my natural children, Jodey Jon Gartrell and Lisa LeAnn Gartrell Johnsey.
>
> 4.  I do not now, nor have I ever, objected to the adoption of Jodey Jon Gartrell and Lisa LeAnn Gartrell Johnsey by William C. Gartrell, III.

After two hearings on the motion to quash, the chancellor granted the commission.

¶5.    Subsequent to this Court's granting the interlocutory  appeal, Kay filed an affidavit and notice of waiver of the commission and withdrawal of the subpoena to take Weiss's deposition in the trial court as well as a motion to dismiss this appeal as moot.   Diane asked this Court to deny dismissal, on the basis of the "capable of repetition but evading review" exception to the mootness doctrine. We denied the motion to dismiss at that time, to allow full briefing and consideration of the arguments.

¶6. This Court only has jurisdiction to hear one issue: the chancellor's grant of the commission. The other issues raised by the parties, including but not limited to: (1) Diane's assertion that Kay lacks standing and the capacity to challenge the adoptions and (2) Kay's assertion that Diane and the adopted children lack standing to challenge her taking Weiss's deposition, are not properly before us on interlocutory appeal.

¶7. As to the issue of Weiss's deposition, this Court will not hear that issue because it has become moot and does not fall within an exception to the mootness doctrine. This Court cannot entertain an appeal where there is no actual controversy. *McDaniel v. Hurt*, 92 Miss. 197, 41 So. 381 (1907). If an appeal involves questions about rights which no longer exist, the appeal will be dismissed. *Id.* at 198, 41 So. at 381. *See also Allred v. Webb* 641 So. 2d 1218, 1220 (Miss. 1994). This Court's review should not be allowed for the purpose of settling abstract or academic questions, and this Court has no power to issue advisory opinions. *Id.*

¶8. Where relief, other than an injunction, is sought, a case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant. *Miss. High Sch. Activities Ass'n, Inc. v. Coleman*, 631 So. 2d 768, 773 (Miss. 1994) (citing *C&D Inv. Co. v. Gulf Transp. Co.,* 526 So. 2d 526, 528 (Miss. 1988)). If that is the case, then the appeal is moot, and this Court will not adjudicate moot questions. *Allred*, 641 So. 2d at 1220.

¶9. In filing her affidavit and notice of waiver, Kay has renounced the right granted to her by the chancellor. In doing so, the right that once existed has ceased to exist. *Vick v. City of Vicksburg*, 2 Miss. (1 Howard) 379, 440, 1837 WL 1067 at * 21 (1837) (no right once

3

solemnly renounced can be reclaimed). Any action taken by this Court, in affirming or reversing the chancellor's decision, would be of no consequence to either party. Any review undertaken by this Court as to this issue will not resolve a live dispute that could result in a benefit to the plaintiff or a detriment to the defendant and thus it is merely an academic exercise. Therefore, this appeal is moot.

¶10. Accordingly, the Court finds that the motion to dismiss the appeal as moot is well taken and should be granted. Further, the Court finds that order which initially denied that motion, at the time we granted interlocutory appeal, should be vacated.

¶11. IT IS, THEREFORE, ORDERED that this interlocutory appeal is dismissed as moot with the parties to bear their own costs.

¶12. IT IS FURTHER ORDERED that the order which initially denied the motion to dismiss, at the time we granted interlocutory appeal, is vacated.

¶13. SO ORDERED, this the _____ day of August, 2006.

 

KAY B. COBB, PRESIDING JUSTICE
FOR THE COURT


SMITH, C. J., WALLER, P. J., DIAZ, EASLEY, CARLSON,
GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.

4