ON WRIT OF CERTIORARI

KITCHENS, Justice,
for the Court:
¶ 1. A student, the daughter of Mark Fails and Laura Fails, transferred from Jefferson Davis County School District to Lamar County School District, after obtaining consent from the school boards of both districts. Four years later, on or about August 13, 2007, the Jefferson Davis County Public School Board (School Board) passed a resolution that Jefferson Davis County residents would no longer be permitted to transfer to other school districts. The following year, the Superintendent of Education for the Jefferson Davis County School District published an announcement in the local newspaper informing parents of Jefferson Davis County School District students that all transfers *1224 had been revoked. Although three of the School Board members represented to Mark Fails that this did not affect his daughter’s transfer status, an interim conservator, appointed by the governor to oversee Jefferson Davis County Schools, represented to Mark Fails that it was the intent of the School Board to revoke all previously granted transfer petitions. Mark Fails attended an October 13, 2008, School Board meeting to appeal the revocation of his daughter Courtney’s petition for transfer. However, the conservator prohibited the School Board from voting on Courtney’s petition for transfer.
¶ 2. Prior to the October 2008 School Board meeting, however, the Failses had obtained Lamar County residency, and Courtney had continued to attend Lamar County Schools legally, and without interruption. Despite this fact, the Failses appealed the School Board’s decision to the Circuit Court of Jefferson Davis County. The circuit court and the Mississippi Court of Appeals affirmed the School Board’s decision. Given that the Failses have represented to the circuit court and this Court that they have since moved into the Lamar County School District, and that fact is not disputed by the appellee, the issue of revocation is now moot. Accordingly, we dismiss the instant appeal and vacate the decisions of the Court of Appeals and the circuit court.

Facts and Procedural History

¶ 3. In 2003, Mark and Laura Fails, residents of Jefferson Davis County, petitioned the Jefferson Davis County School Board (School Board) to allow their daughter, Courtney, who resided with her parents, to transfer to the Lamar County Public School District. Both districts consented to the student’s transfer, and Courtney began attending school in Lamar County.
¶ 4. In May 2007, after the State Board of Education (State Board) determined the Jefferson County School District to be in serious violation of state accreditation standards, the governor declared a state of emergency in the district, and the State Board appointed Glen Swan as interim conservator. The county school board adopted a policy pi-ohibiting students residing in Jefferson Davis County from transferring to other school districts.
¶ 5. The following year, Jefferson Davis County Superintendent of Education Ike Haynes published an announcement in the local newspaper stating that the district’s student transfer policy not only prohibited future transfers, but revoked all existing transfers as well. When Mark Fails inquired whether the policy actually revoked Courtney’s transfer (which had been in effect for four years), three members of the School Board responded that it was not the intent of the policy to revoke past transfers. Mark Fails then asked Superintendent Haynes to clarify the notice in the newspaper. Haynes responded that all existing transfers — including Courtney’s — were revoked because “[w]e want the smart kids back in Jefferson Davis County to help raise the test scores.”
¶ 6. Swan reiterated this interpretation of the School Board’s resolution via correspondence, namely that Courtney’s petition for transfer had been revoked. Swan invited Mark Fails to attend the next School Board meeting and ask the Board to clarify the policy. Four of the five Board members submitted affidavits stating that they were going to vote that the policy was never intended to revoke past transfers. But, at the meeting, Swan announced to the Board that all transfers, including Courtney’s, were revoked, and he refused to allow the Board to address the issue or vote.
*1225 ¶ 7. The Circuit Court of Jefferson Davis County affirmed Swan’s action, and the Court of Appeals affirmed the circuit court, holding that: (1) Swan had statutory authority to block the Board from voting on the policy; (2) a school board may unilaterally revoke an existing student transfer; and (3) school boards may adopt blanket policies against transfers. The Failses petitioned this Court for a writ of certiorari, which we granted. Given that the Failses have represented in them Petition for Appeal (Complaint) filed in the circuit court, and also in their Supplemental Brief filed with this Court, that they moved into the Lamar County School District in October 2008, prior to filing their complaint in the circuit court in November 2008, the revocation of Courtney’s transfer and all alleged errors surrounding it are moot.

Discussion

¶ 8. The Failses raise the following assignments of error for our review: (1) the circuit court erred as a matter of law when it held that the conservator’s authority is congruent with that of the School Board; (2) the circuit court erred as a matter of law when it held the Board and the conservator had the authority to revoke a transfer; (3) the circuit court erred as a matter of law when it specifically ignored express statutory language stating that the grant of a student transfer request under Mississippi Code Section 37-15-31 is final.
¶ 9. The Failses, in their Petition for Appeal (Complaint), filed in the circuit court November 12, 2008, represented that they had been residents of Jefferson Davis County until October 2008, when they moved to Sumrall, Mississippi, a town located in Lamar County. Moreover, in their complaint, they indicate that, prior to the School Board meeting on October 13, 2008, during which the conservator is said to have blocked the School Board’s vote on Courtney’s petition, they had already purchased the home in Sumrall. “Because of this relocation,” the complaint states, “Courtney still attends the Sumrall schools.” Thus, despite the revocation of Courtney’s transfer and despite the action taken by the conservator in preventing the School Board from reviewing the transfer revocation, Courtney has never been required to attend Jefferson Davis County Schools again, by virtue of her Lamar County residency. “Except as [otherwise] provided in ... this section, no minor child may enroll in or attend any school except in the school district of his residence.... ” Miss.Code Ann. § 37-15-29(1) (Rev. 2007). Thus, the revocation was of no moment as of the day that the Failses obtained Lamar County residency, and it does not affect her statutory right to attend Lamar County Schools. The circuit court erred in its failure to dismiss the complaint, as it had no authority to dispose of the case on its merits.
¶ 10. “[A] ease is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant.” Gartrell v. Gartrell, 936 So.2d 915, 916 (Miss.2006). This Court has no authority to “entertain an appeal where there is no actual controversy.” Id. (citing McDaniel v. Hurt, 92 Miss. 197, 41 So. 381 (1907)). “Cases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot. We have held that the review procedure should not be allowed for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions.” Allred v. Webb, 641 So.2d 1218, 1220 (Miss.1994) (quoting Monaghan v. Blue Bell, Inc., 393 So.2d 466, 466-67 (Miss.1980)).
¶ 11. In their Supplemental Brief, the Failses concede that they suffered no inju *1226 ry: “If the Failses had not been sufficiently wealthy and skilled to effect their daughter’s continued attendance in Lamar County Schools for the pendency of this appeal, the violation of their rights would have been substantial, apparent, and costly in terms other than financial.” (Emphasis added.) While one interpretation of this statement by the Failses could be that they would resume living in Jefferson Davis County in the event of a favorable outcome of their appeal, they stop short of making that argument explicitly.
¶ 12. In another portion of their Supplemental Brief, the Failses admit that any constitutional deprivation “admittedly [has] been cured by Laura Fails becoming employed by the Lamar County Schools and Mark and Laura Fails purchasing a residence in Lamar County.” Due to the employment of Laura Fails by the Lamar County Schools, Courtney has benefit of an additional statutory right to attend school in Lamar County. “Those children whose parent(s) or legal guardian(s) are instructional personnel or certificated employees of a school district may at such employee’s discretion enroll and attend the school or schools of their parent’s or legal guardian’s employment regardless of the residence of the child.” Miss.Code Ann. § 87-15-29(2) (Rev. 2007).
¶ 13. Accordingly, we dismiss the instant appeal. Moreover, we hold that both the circuit court and the Court of Appeals had before them moot issues and thus, no case or controversy, given that the issues raised by the Failses were moot upon their obtaining Lamar County residency, prior to the filing of their complaint in circuit court. As such, the lower courts had no authority to decide the substantive merits of the issues presented. See Allred, 641 So.2d at 1220. Therefore, we vacate the decisions of the circuit court and the Court of Appeals. Moreover, the Court of Appeals mistakenly said in its opinion that the Failses reside in the Jefferson Davis County Public School District. Fails v. Jefferson Davis County Public School Bd., 96 So.3d 1, 2-3 (Miss.Ct.App.2011).
¶ 14. Given that this Court does not adjudicate moot questions, dismissal is the only appropriate disposition of the instant case.
¶ 15. THE JUDGMENTS OF THE COURT OF APPEALS AND THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY ARE VACATED. APPEAL DISMISSED AS MOOT.
LAMAR, CHANDLER, PIERCE AND KING, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., CARLSON, P.J., AND RANDOLPH, J.