■ CHANDLER, Justice,
for the Court:
¶ 1. On April 17, 2012, Senior Circuit Judge Tomie T. Green entered an order establishing civil and criminal divisions in the Circuit Court of the First Judicial District of Hinds County pursuant to Mississippi Code Sections 9 — 7—3(5) and 9-7-25(2). Circuit Judge Jeff Weill Sr. filed a Petition for Emergency Judicial Relief in this Court challenging the constitutionality of the order. On November 1, 2012, Judge Green entered an order withdrawing the order establishing civil and criminal divi *482 sions in the Circuit Court of the First Judicial District of Hinds County.
¶2. Because the April 17, 2012, order establishing civil and criminal divisions in the Circuit Court for the First Judicial District of Hinds County has been withdrawn, the issues raised by Judge Weill’s Petition for Emergency Relief are moot. Therefore, we dismiss the Petition.
FACTS AND PROCEDURAL HISTORY
¶ 3. Hinds County makes up the entirety of the Seventh Circuit Court District, and four circuit judges are elected to serve that district. Miss.Code Ann. § 9-7-23(1) (Rev.2002); Miss.Code Ann. § 9-7-25(1) (Rev.2002). Currently, the four circuit judges are Senior Judge Tomie T. Green, Judge Winston Kidd, Judge Jeff Weill Sr., and Judge William A. Gowan. The cases in the First Judicial District of Hinds County are divided among the four judges. Cases from Hinds County’s Second Judicial District are presided over by Judge Gowan. The county seat of the First Judicial District of Hinds County is Jackson, and the county seat of the Second Judicial District of Hinds County is Raymond.
¶ 4. On April 17, 2012, Judge Green entered an “Order Establishing Civil and Criminal Divisions in the Hinds County Circuit Court” (the “Order”), which was to go into effect August 1, 2012. Under the Order, the First Judicial District of Hinds County would be divided into civil and criminal divisions, and two circuit judges would be assigned to each division — Judge Weill and Judge Kidd to the civil division, and Judge Green and Judge Gowan to the criminal division.
¶ 5. In a “Preliminary Statement” to the Order, Judge Green explained that she thought the split divisions would “promote a more efficient, effective[,] and timely resolution of all civil and criminal cases” because the judges would be able to “exercise more flexibility in management” of their dockets. Judge Green stated that the Order was entered “[i]n accordance with Sections 9 — 7—3(5) and 9-7-25(2) of the Mississippi Code.” Section 9-7-3 provides:
(5) In a district having more than one (1) office of circuit judge, there shall be no distinction whatsoever in the powers, duties[,] and emoluments of those offices except that the judge who has been for the longest time continuously a judge of that court ... shall be the senior judge. The senior judge shall have the right to assign causes and dockets and to set terms in districts consisting of more than one (1) county.
Miss.Code Ann. § 9-7-3(5) (Rev.2002). Section 9-7-25(2), pertaining specifically to the Seventh Circuit Court District, provides:
(2) While there shall be no limitation whatsoever upon the powers and duties of the said judges other than as cast upon them by the Constitution and laws of this state, the court in the First Judicial District of Hinds County, in the discretion of the senior circuit judge, may be divided into civil and criminal divisions as a matter of convenience, by the entry of an order upon the minutes of the court.
Miss.Code Ann. § 9-7-25(2) (Rev.2002).
¶ 6. Pursuant to the Order, all new cases filed after August 1, 2012, would have been assigned to one of the two judges in the respective divisions. In addition, all cases pending on the judges’ dockets at that time would have been reassigned to a judge in the appropriate division. Specifically, all civil cases on Judge Green’s docket would have been reassigned to Judge Kidd, and all criminal cases on Judge Kidd’s docket would have been reassigned to Judge Green. All civil cases on Judge *483 Gowan’s docket would have been reassigned to Judge Weill, and all criminal cases on Judge Weill’s docket would have ■been reassigned to Judge Gowan.
¶ 7. On May 2, 2012, Judge Weill filed a Petition for Emergency Judicial Relief with this Court, asking this Court to vacate the Order. Judge Weill asserted that Senior Judge Green lacked authority to: (1) divide the Hinds County Circuit Court into civil and criminal divisions, (2) arbitrarily assign circuit judges to preside over only one division, and (3) unilaterally dictate the reassignment of cases currently pending on the judges’ dockets. Judge Weill argued that Judge Green’s actions went beyond the intent of Section 9-7-25(2). Judge Weill also argued that the Order did not comport with Rule 27(g) of the Rules of Appellate Procedure, which provides:
... The setting of terms and assigning of causes and dockets in the chancery and circuit courts shall be done fairly considering the relative work loads of the judges and the right of litigants within the district to fair and reasonable access to all of the judicial officers as well as reasonable accommodation of the requests and needs of all judges within the district. Further, the assignment of cases and dockets shall be done through a systematic plan recognizing the criteria set out herein.
M.R.A.P. 27(g).
¶ 8. Judge Kidd and Judge Gowan responded separately to Judge Weill’s petition. Both took the position that Judge Green had authority under Section 9-7-25 to divide the docket into criminal and civil divisions. Judge Green also filed a motion requesting a meeting with this Court, which was granted. After meeting with the circuit judges on June 27, 2012, this Court entered an order staying the implementation of the Order and asked the judges to file supplemental pleadings addressing the constitutionality of Mississippi Code Section 9-7-25(2). Pursuant to Rule 44 of the Mississippi Rules of Appellate Procedure, this Court also invited the Attorney General to respond. Judge Weill filed a Supplemental Petition, and Judge Green filed a Motion to Dismiss and Supplemental Response.[1] Judge Green moved to dismiss the Petition for Emergency Relief on the ground that the Order was not reviewable under Rule 27(g) of the Rules of Appellate Procedure. The Attorney General filed an amicus curiae brief defending the constitutionality of Section 9-7-25(2).
¶ 9. During the pendency of Judge Weill’s petition, on November 1, 2012, Judge Green entered an order withdrawing the Order. This order states, in its entirety:
WITHDRAWAL OF “ORDER ESTABLISHING CIVIL AND CRIMINAL DIVISIONS IN THE HINDS COUNTY CIRCUIT COURT’’
The undersigned hereby withdraws the Court’s order entered on April 7, 2012 (Book 731, Page 210) whereby the Court exercised its discretion, pursuant to §§ 9-7-3(5) and 9-7-25(2) of the Mississippi Code (1972, as amended), to divide the case dockets into civil and criminal divisions. The Court remains of the opinion that the return of the Seventh Circuit District of the State of Mississippi to a split division is the most effective and efficient method for the management of both the civil and criminal cases *484 filed in Hinds County Circuit Court. However, the indefinite delay in the resolution of the issues surrounding the April 17, 2012 court order has created a stalemate in the ongoing litigation and trial settings for hundreds of cases that require timely settings for the 2013 terms of Court.
During the pendency of the challenge surrounding the April 17, 2012 order, all circuit judges have continued to preside over trials, set and conduct hearings and resolve other matters in both civil and criminal cases. We will continue to pursue innovative, progressive and cooperative means to effectuate long term solutions that will minimize the sluggishness and inconsistency in management which has plagued the dockets of the county for so many years. The interests of justice and the interests of the citizens of Hinds County in the timely disposition of both criminal and civil cases pending in our Court demands no less.
IT IS THEREFORE ORDERED, AND ADJUDGED that the “April 17, 2012 Order Establishing Civil and Criminal Divisions in the Hinds County Circuit Court” is hereby withdrawn for further consideration/modification by this court.
SO ORDERED, AND ADJUDGED this the 1st day November 2012.
s/ Tomie T. Green, Senior Circuit Judge
DISCUSSION
¶ 10. Judge Green’s withdrawal of the Order renders this controversy moot. This Court set out the standard for determining mootness in Fails v. Jefferson Davis County Public School Board, 95 So.3d 1223, 1225 (Miss.2012), stating that “[a] case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant.” Id. (quoting Gartrell v. Gartrell, 936 So.2d 915, 916 (Miss.2006)). We recognized that we lack authority to “entertain an appeal where there is no actual controversy.” Id. Further, “[c]ases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot. We have held that the review procedure should not be allowed for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions.” Id. (quoting Allred v. Webb, 641 So.2d 1218, 1220 (Miss.1994)).
¶ 11. Judge Green has withdrawn the order challenged by Judge Weill’s petition. Therefore, there is no actual controversy. The issues raised in Judge Weill’s petition are moot. While Judge Green has indicated that she may reconsider or modify the Order, at this point it has been withdrawn, and the substance of any subsequent reconsidered or modified order is unknown. Because there is no exception to the mootness doctrine for hypothetical future controversies, it would be inappropriate to address the issues at this time. Neither the four circuit judges nor the citizens of Hinds County would benefit from this Court’s resolution of issues raised by an order that is no longer in place. Because this matter is moot, Judge Weill’s petition is dismissed.
¶ 12. DISMISSED AS MOOT.
CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, PIERCE AND KING, JJ„ CONCUR. CARLSON, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND LAMAR, J.; RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., JOIN IN PART. WALLER, C.J., NOT PARTICIPATING.

. Because the petition is dismissed as moot, the Motion to Dismiss and Supplemental Response are dismissed.