# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60391

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2014

Lyle W. Cayce
Clerk

MARK FAILS; LAURA FAILS,

Plaintiffs - Appellants

v.

JEFFERSON DAVIS COUNTY PUBLIC SCHOOLS,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:12-CV-34

Before JOLLY, HIGGINBOTHAM, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The plaintiffs' daughter was barred from attending a school outside her district. The plaintiffs filed a § 1983 action against Glenn Swan, the district's conservator, and the district for monetary damages and an injunction. The plaintiffs assert a constitutionally protected right in sending their child to a school outside their district. We agree with the district court's holding that there is no such constitutionally protected right, and consequently affirm its summary judgment in favor of the defendants.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60391

At issue in this case is a policy by the Jefferson Davis County School District ("the District") prohibiting students in that district from transferring to schools outside the district. The policy affected Courtney Fails, a resident of the District, but who had been enrolled in the Lamar County School District for the preceding five years. The Failses asked the Jefferson Davis County School Board ("the Board") to consider whether Courtney's transfer would be revoked by the new policy. The Board attempted to vote on the issue but was stopped by the District's conservator, Glenn Swan.

What followed was a lengthy lawsuit in Mississippi state court. Eventually the Mississippi Supreme Court dismissed the case as moot, as the Failses' purchase of a home in the Lamar County School District allowed Courtney to attend schools there. *Fails v. Jefferson Davis Cnty. Pub. Sch.*, 95 So. 3d 1223, 1225 (Miss. 2012). Courtney graduated from high school in 2012.

Courtney's parents then brought this second suit in state court against Swan, in both his individual and official capacities, as well as the District. The Mississippi Department of Education, a defendant that was subsequently dismissed, removed the case to district court. The plaintiffs sought damages for alleged violations of 42 U.S.C. §§ 1981, 1983. Their claims relate to alleged violations of procedural and substantive Due Process under the Fourteenth Amendment. The district court granted the defendants summary judgment on all claims. The Failses now appeal.

I.

We review a grant of summary judgment de novo. *Freed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012). Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

No. 13-60391

## II.

The thrust of the plaintiffs' argument on appeal is that the District and Swan violated the Failses' constitutionally protected interest in choosing what school their daughter would attend.[1] The Failses argue that this amounted to a substantive Due Process violation, entitling them to damages under § 1983. They also argue that the defendants violated procedural Due Process in depriving the Failses of a fair hearing before the Board.

The procedural Due Process claim turns on whether the Failses have shown a constitutionally protected interest in life, liberty or property. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) ("[t]o state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest") (internal quotation marks and citation omitted); *see also Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Because the substantive Due Process claim also requires a constitutionally protected interest, if the Failses cannot pinpoint such an interest, there will be no basis for either of their § 1983 claims.

The Failses first argue that precedent establishes a liberty interest that would allow them to continue enrolling their daughter in a school outside their district. They note that parents have a liberty interest in "direct[ing] the upbringing and education of children under their control." *Pierce v. Soc'y of*

---

[1] We do not treat as freestanding claims the state law issues that the Failses raise on appeal. First, their complaint makes no mention of state law claims. Second, in their brief on appeal, the Failses frame the defendants' alleged violations of state law in constitutional terms. For instance, the Failses state "[u]ltimately, the issues before this Court rest on one question: do actions by government actors that violate of [sic] state statutes violate the 14th Amendment to the United States Constitution?"

Also, while the plaintiffs mention briefly § 1981, they fail to cite any authority for this claim and therefore waive it. *See L&A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994).

No. 13-60391

*Sisters*, 268 U.S. 510, 534-35 (1925). The Failses, however, have brought no cases to our attention that allow parents to enroll a child in the public school of their specific and unilateral choosing. The cases they have cited all relate to parents' rights to enroll their children in private school. *See Pierce*, 268 U.S. at 534-35; *Barrow v. Greenville Indep. Sch. Dist.*, 332 F.3d 844, 847 (5th Cir. 2003); *Brantley v. Surles*, 718 F.2d 1354, 1359 (5th Cir. 1983).

In fact, we have previously recognized that states have a compelling interest in tying a student's domicile to the district in which he attends public schools. *Arrendondo v. Brockette*, 648 F.2d 425, 428-32 (5th Cir. 1981) (holding that Texas has a compelling interest in requiring a child's "presence in another school district be for some cogent reason other than attending free public school in that district before qualifying for tuition-free status"). We have also emphasized that "[a] schoolchild has no inalienable right to choose his school." *U.S. v. Jefferson Cnty. Bd. of Educ.*, 380 F.2d 385, 390 (5th Cir. 1967). Our precedent does not support the liberty interest that the Failses assert.

The Failses argue, however, that a statutory right under Mississippi law can serve as the basis for a § 1983 claim. They cite the following passage:

> [U]pon the petition in writing of a parent or guardian . . . individual students living in one school district . . . may be legally transferred to another school district, by the mutual consent of the school boards of all school districts concerned . . . . If such a transfer is approved by the transferee board, then such a decision shall be final.

MISS. CODE ANN. § 37-15-31(1)(a), (b).

The Failses allege that, contrary to the Mississippi Attorney General's opinion on the subject, the Conservator lacked the legal authority to revoke a transfer. The Failses only focus on the violation of MISS. CODE ANN. § 37-15-31 as a predicate to their § 1983 claim. They do not argue that the statute, which speaks in terms of discretionary relief, defines a constitutionally

4

protected property right.  *Cf. DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir. 2009).

The Failses seem to misconstrue the nature of a § 1983 claim.  They allege that the defendants' violation of MISS. CODE ANN. § 37-15-31 can serve as a basis for a § 1983 suit.  However, the Supreme Court has stated that there are three types of § 1983 claims: (1) those predicated on the violation of certain "specific protections defined in the bill of rights;" (2) substantive Due Process violations; and (3) unfair procedures.  *Zinermon*, 494 U.S. at 125.  In short, a violation of state law cannot, without more, serve as the basis for a § 1983 claim.

We recognized this proposition in *Castellano v. Fragozo* 352 F.3d 939 (5th Cir. 2003) (en banc).  Prior to *Castellano*, we had previously interpreted the elements of a malicious prosecution claim under state law as identical to the elements required for a § 1983 claim.  *Id.* at 947.  We put an end to this, stating "that 'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law."  *Id.* at 942.  Applying *Castellano* here, it is clear that, assuming a violation of MISS. CODE ANN. § 37-15-31, there is "no violation of the United States Constitution." *Id.*

Finally, the Failses argue that Swan's actions interfered with the Mississippi Legislature's powers, upsetting the balance of powers in an unconstitutional matter.  *See Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 635-39 (1952).  This claim was not asserted in the Failses' complaint, does not appear to have been argued before the district court, and is therefore waived.  *See New Orleans Depot Servs., Inc. v. Dir., Office of Worker's Comp. Programs*, 718 F.3d 384, 387-88 (5th Cir. 2013) (en banc).

No. 13-60391

Because we hold that the Failses have failed to assert a federal constitutional violation, we also hold that there is no basis for their § 1983 claims relying on substantive and procedural Due Process. Accordingly, we do not need to consider the defendants' immunity and mootness arguments.

### III.

For the foregoing reasons, the district court's award of summary judgment is

AFFIRMED.