# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00402-COA

**IN RE WILLIAM CLAY CALDWELL, JR.**                    **APPELLANT**

DATE OF JUDGMENT:                   03/31/2020
TRIAL JUDGE:                        HON. D. NEIL HARRIS SR.
COURT FROM WHICH APPEALED:          JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:             WILLIAM CLAY CALDWELL JR. (PRO SE)
NATURE OF THE CASE:                 CIVIL - OTHER
DISPOSITION:                        APPEAL DISMISSED - 06/15/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WILSON, P.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Balbina Caldwell initiated proceedings in the Jackson County Chancery Court to have her husband William Caldwell Jr. (Caldwell) involuntarily committed for medical treatment. Following a hearing, the chancellor entered an order on March 31, 2020, to admit Caldwell to the Veterans Administration Medical Center (the VA) in Biloxi, Mississippi, for thirty to ninety days for observation, diagnosis, and treatment. Fifteen days later on April 15, 2020, the chancellor entered another order to discharge Caldwell. In appealing from the chancellor's order to involuntarily admit him to the VA, Caldwell filed a pro se brief in which he alleged nineteen assignments of error.

¶2.     As the appellant in this case, Caldwell bears "the burden of ensuring the record contains all facts necessary to the determination of the matters appealed." *Jones v. Jones*, 307 So. 3d 1229, 1230 (¶3) (Miss. Ct. App. 2020) (quoting *G.R. v. Miss. Dep't Human Servs. (In re V.R.)*, 725 So. 2d 241, 245 (¶16) (Miss. 1998)). In designating the record for appeal,

however, Caldwell requested that only four documents be included. Upon review, we find Caldwell has provided an insufficient record for this Court to first determine whether his appeal falls under an exception to the mootness doctrine—much less to evaluate any of his claims. Because Caldwell was discharged from the VA and has failed to provide a complete record for this Court to review all matters necessary to the appeal, we dismiss his appeal as moot. Accordingly, we decline to address the merits of his assignments of error.

## FACTS

¶3.     On March 23, 2020, Balbina initiated civil-commitment proceedings against Caldwell. Prior to Balbina's initiation of the proceedings, Caldwell had voluntarily admitted himself to the VA for three days. As Balbina explained in her petition, however, she remained concerned for the safety of herself and the couple's minor son as Caldwell's discharge date neared. Following a hearing on Balbina's petition, the chancellor entered an order on March 31, 2020, to have Caldwell admitted to the VA for thirty to ninety days for observation, diagnosis, and treatment. Caldwell was subsequently discharged from the VA, and aggrieved by the chancellor's order to involuntarily admit him, he appeals.

## DISCUSSION

¶4.     The appellate courts do not adjudicate questions that are moot. *Davis v. Guido*, 308 So. 3d 874, 882 (¶29) (Miss. Ct. App. 2020). "In general, we will dismiss an appeal 'when no useful purpose could be accomplished by entertaining it, when so far as concerns any practical ends to be served the decision upon the legal questions involved would be merely

academic.'" *Koestler v. Koestler*, 976 So. 2d 372, 379 (¶19) (Miss. Ct. App. 2008) (quoting

*Strong v. Bostick*, 420 So. 2d 1356, 1359 (Miss. 1982)). Thus, "[a] case is deemed moot

where an actual controversy existed at trial but has expired at the time of review. . . . Further,

a case is moot where no practical benefit exists to the plaintiff or detriment to the defendant."

*Davis*, 308 So. 3d at 882 (¶29) (citing *Barrett v. City of Gulfport*, 196 So. 3d 905, 910 (¶17)

(Miss. 2016)).

¶5.     An exception to the mootness doctrine applies, however, "if the challenged action is

capable of repetition yet evading review." *Id.* at (¶31) (quoting *Barrett*, 196 So. 3d at 912

(¶22)). We recently explained:

> To meet this exception, a challenged action has to be (1) too short to be fully
> litigated prior to its cessation or expiration, and (2) a reasonable expectation
> that the same complaining party would be subject to the same action. The
> court will also review a moot issue when the question concerns a matter of
> such a nature that it would be distinctly detrimental to the public interest that
> there should be a failure by the dismissal to declare and enforce a rule for
> future conduct.

*Id.* (citations and internal quotation marks omitted).

¶6.     As previously discussed, this Court does not have adequate information before it to

determine whether an exception to the mootness doctrine applies to Caldwell's appeal. In

designating the record for appeal, Caldwell requested the inclusion of only four documents:

the application for his commitment, an order of continuance, the order for his involuntary

commitment, and his notice of appeal. In addition to these four documents, the remainder

of the record consists only of the following: the docket filing sheets, Caldwell's designation

3

of the record, a statement of fees from the chancery court, and certificates from the chancery court clerk as to cost and authenticity. Caldwell designated no other documents from the court below as part of the appellate record, and he included no transcript of the below proceedings for our review.

¶7.     Appellants bear the responsibility "to provide the record of the trial proceedings wherein the error claimed is brought before this Court." *Jones*, 307 So. 3d at 1230 (¶3) (quoting *In re V.R.*, 725 So. 2d at 245 (¶16)). Moreover, "if the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." M.R.A.P. 10(b)(2). Even where no transcript is available, Rule 10(c) provides a procedure for appellants to utilize. "Ultimately, 'it is well settled that a reviewing court cannot consider matters which do not appear in the record and must limit itself to the facts that do appear in the record.'" *Jones*, 307 So. 3d at 1230 (¶4) (quoting *In re V.R.*, 725 So. 2d at 245 (¶16)).

¶8.     Based on the scant record before us, we cannot determine whether Caldwell's appeal falls within a recognized exception to the mootness doctrine. We therefore decline to address the merits of his alleged errors and must dismiss his appeal as moot.

¶9.     **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**